UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEANNIE M. MCKEOGH | CIVIL ACTION |
| VERSUS | NO. 07-6568 |
| STATE FARM FIRE AND CASUALTY COMPANY<br>AND ALBERT CLEVELAND FLYNT | SECTION "N" (1) |

### **ORDER AND REASONS**

Plaintiff, Jeannie M. McKeogh, moves this Court to remand this matter to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. The removing defendant, State Farm, opposes Plaintiff's motion. As stated herein, **IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. No. 6) is **GRANTED** with respect to the request for remand to state court. The motion is **DENIED** with respect to the request for an award of attorney's fees pursuant to 28 U.S.C. § 1447(c).

### **I. FACTS AND PROCEDURAL HISTORY**

Plaintiff is the owner of certain property located at 410 Vincent Avenue, Metairie, Louisiana, in the Parish of Jefferson. On or after August 29, 2005, Plaintiff's property was damaged as a result of Hurricane Katrina. At the time, Plaintiff had a homeowner's insurance policy from State Farm covering this property. Plaintiff also had a flood insurance policy through a different insurance carrier.

Plaintiff and State Farm were unable to amicably resolve Plaintiff's claims asserted

1

under her homeowner's policy.  Accordingly, on August 24, 2007, Plaintiff filed suit in state court, asserting claims against State Farm for sums due under the policy, as well as penalties and damages pursuant to La. R.S. 22:658, 22:1220, and 22:1222.  Plaintiff additionally asserts a separate negligence claim against the State Farm insurance agent, Albert Cleveland Flynt ("Flynt").

Asserting jurisdiction under 28 U.S.C. § 1332, State Farm removed this matter to the Eastern District of Louisiana on October 9, 2007.  Now seeking remand, Plaintiff contends that Flynt's presence as a Louisiana defendant precludes the requisite complete diversity of citizenship. She further argues that State Farm's removal, more than thirty days following service of process upon Flynt and without his consent, is untimely.  In addition, she maintains that State Farm did not include a copy of all necessary documents from the state court record, as required by 28 U.S.C. §1446(a).  Finally, Plaintiff asserts that State Farm has not established that the amount in controversy exceeds $75,000.  Contending that the jurisdictional amount is easily satisfied, State Farm opposes Plaintiff's first three arguments based on the premise that Plaintiff improperly joined Flynt as a defendant.

## II.  LAW AND ANALYSIS

**A.     Diversity of Citizenship Jurisdiction and Fraudulent (Improper) Joinder**

For 28 U.S.C. § 1332 to provide subject matter jurisdiction, complete diversity of citizenship must exist between the plaintiff and all of the properly joined defendants, and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332.  State Farm contends that this Court has diversity jurisdiction over this action because Plaintiff improperly (fraudulently) joined Flynt, a

Louisiana defendant, to defeat diversity jurisdiction.[1]

A plaintiff may not join a non-diverse defendant in a suit to defeat diversity jurisdiction *unless* the plaintiff has a viable claim against that defendant. When determining whether the plaintiff has a viable claim, however, "the plaintiff's intent that the joinder" of a defendant "should defeat federal subject matter jurisdiction is immaterial to the propriety of the removal," as long as the claim against the party to be joined is "not merely colorable or made in bad faith." 14C C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 629-30 (3d ed. 1998).

"The burden of proving a fraudulent joinder is a heavy one" that is borne by the removing party. *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983). Specifically, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 333 (5th Cir. 2004) (citation omitted). "[F]raudulent joinder must be proved 'with particularity and supported by clear and convincing evidence' by the removing party." *Doe v. Cutter Biological,* 774 F. Supp. 1001, 1003 (E.D. La. 1991) (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 343 (2nd ed. 1985)). The Court, however, should not pre-try the case. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

The Fifth Circuit has historically used different phrases in describing the standard for improper (fraudulent) joinder. Whether using the phrase "no possibility of recovery" or "no reasonable basis for the plaintiff to establish liability," the essential standard has been the same. *See*

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See, e.g., Melder v. Alsltate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). Nevertheless, the term "fraudulent joinder" is still frequently used.

*Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003). In *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* the Fifth Circuit explained and clarified the standard:

> [T]he court determines whether the [plaintiff] has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable, not merely theoretical.

313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).

A full-scale evidentiary hearing is inappropriate for determining improper joinder because the validity of the plaintiff's "claim against the in-state defendant(s) should be capable of summary determination." *Green,* 707 F.2d at 204. That being said, the scope of the inquiry for improper joinder goes beyond the pleadings to include summary judgment-type evidence. *Travis,* 326 F.3d at 648-49. This allows the Court to determine whether a plaintiff has a basis in fact and law for his or her claim. *See, e.g., Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, however, the Court "take[s] into account all unchallenged factual allegations, including those in the [petition], in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. Finally, all ambiguities, whether in the relevant state law or in fact, are to be interpreted in favor of the party who is accused of fraudulent joinder. *Id.* at 648.

Regarding the validity of Plaintiff's joinder of Flynt as a defendant in this action, an agent for a known principal is not held personally liable with respect to the principal's contractual obligations, under Louisiana law, unless the agent personally binds himself, exceeds his authority, or misrepresents a position of the principal. *See* La. Civ. Code arts. 3016, 3019; *Leblanc v. Mid-Continent Life Ins.,* No. 93-2677, 1993 WL 432374, at *1 (E.D. La. Oct. 21, 1993). An insurance agent such as Flynt may be held liable, in tort, however, if he intentionally or negligently

misrepresents facts that he knows or has reason to know to be false.  *See, e.g., Ragas v. Tarleton,* No. 06-4137, 2006 WL 2925448, *3 (E.D. La. Oct. 10, 2006).

An insurance agent also owes a fiduciary duty to an insured to use reasonable diligence in procuring requested insurance coverage for the client's risks of which the agent is aware.  *See, e.g., Offshore Prod. Contractors., Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990).  This duty is breached, and exposes the agent to personal liability, when: (1) the agent agrees or undertakes to procure the requested insurance; (2) the agent fails to use reasonable diligence in attempting to place the insurance and fails to notify the client promptly that he has failed to place the insurance; and (3) the agent's actions warrant the client's assumption that he was properly insured.  Any additional duty owed by the agent beyond merely using reasonable diligence in procuring the insurance coverage requested will necessarily turn on the services the agent holds himself out as providing to his clients, the services sought by the client, the specific information supplied or requested by the client, and the agent's undertaking or representations in response thereto.

Here, Plaintiff alleges that, upon her renewal of her homeowner's policy in 2005, Flynt misinformed her of the types and extent of the coverage provided by the policy.[2]  Specifically, she contends that he incorrectly advised that a "hurricane deductible" provision in the homeowner's policy would result in *all* losses associated with a named hurricane, including losses caused by a flood, being fully covered.[3]  Thereafter, she maintains, she never received a copy of the 2005 policy

---

[2]   *See* Petition ("Pet.") (Rec. Doc. No. 1-3) at  ¶¶ IV, VII, and XIII;  Plaintiff's Affidavit ("Aff.")  (Rec. Doc. No. 6-3), attached as Exhibit A to Plaintiff's Motion to Remand at ¶¶ 4, 14 and 14.  (Plaintiff's affidavit has two paragraphs bearing the number "14.")

[3]   *See* Pet.  at ¶¶ IV, VII, and XIII;  Aff. at ¶¶  4, 14, and 14.  Plaintiff maintains that, because of Flynt's misrepresentations regarding the policy's "hurricane deductible," she was unaware of the nature

5

and, moreover, that Flynt denied her post-loss request, on August 22, 2007, for a copy of the policy and/or the "Declarations" portion of that policy.[4]

As previously stated, State Farm maintains that its removal was proper in that the jurisdictional amount is satisfied and Flynt's joinder as a defendant was improper. With respect to Flynt, State Farm argues that he had no duty to advise Plaintiff regarding the provisions of her insurance policy, that it was her duty to advise him of the necessary coverage, and that she could have ascertained the nature and extent of her coverage by reviewing the policy documents. Acknowledging Plaintiff's contention that she never received a copy of the 2005 homeowners' policy, State Farm responds:

> . . . Plaintiff merely asserts that she never received the policy despite having been continuously insured with State Farm since 1993 and having renewed and modified her policy numerous times. In order to recover for negligent misrepresentation, Plaintiff must be able to prove that she *justifiably* relied on Defendants' alleged misrepresentations about her policy.
>
> * * *
>
> . . . Plaintiff by law cannot prove the requisite justifiable reliance on the alleged misrepresentation in light of her possession of clearly worded contract terms to the contrary which had been provided to Plaintiff each time the coverage was modified or altered since 1993.[5]

Considering the foregoing, the Court finds that State Farm has not satisfied *its* heavy burden of demonstrating the absence of an arguably reasonable basis for predicting that state law

---

and the extent of the coverage provided by the homeowners' policy. *See* Pet. at ¶¶ IV, VII, and XIII; Aff. at ¶¶ 4, 14, and 14; *see also* Plaintiff's Memorandum in Support of Motion to Remand (Rec. Doc. No. 6-2) at pp. 1-2 and 12-13.

    [4]    *See* Pet. at ¶¶ IV, VII, and XIII; Aff. at ¶¶ 5, 8 - 14.

    [5]    *See* State Farm's Memorandum in Opposition to Motion to Remand (Rec. Doc. No. 8) at pp. 7-8.

might impose liability on the facts involved. Both Plaintiff's petition and affidavit allege that Flynt affirmatively misrepresented the extent of the coverage provided by her homeowner's policy.[6] While the actual policy documents presumably would have demonstrated the invalidity of this alleged representation, and rendered her continued reliance upon it unreasonable, Plaintiff likewise has alleged, in her petition and affidavit, that she never received a copy of the 2005 policy.[7]

State Farm's mere suggestions of doubt, set forth in its opposition memorandum, regarding the truth of this assertion, are not sufficient to conclusively rebut it, or the reasonableness of Plaintiff's reliance on Flynt's alleged representation, as a matter of law. In other words, State Farm could have submitted its own summary judgment-type evidence, demonstrating that Plaintiff actually did receive a copy of the 2005 homeowners' policy, but did not. Thus, the Court is required to construe all unrebutted factual allegations in Plaintiff's favor.

As an aside, the Court notes that, after Hurricane Katrina, Plaintiff apparently did not request a copy of her 2005 homeowners' policy for almost two years – *i.e.*, until August 22, 2007.[8] Relatedly, Plaintiff's submissions do not identify when State Farm actually denied her claims such that she should have been on notice to obtain a copy of the policy so as to evaluate the grounds for the denial. Nor is it clear whether Plaintiff renewed her homeowner's policy, and actually received a copy of that policy, in 2006. If so, review of it arguably may have put her on notice, more than a year before she actually filed suit, to inquire into the actual terms of the 2005 policy.

The Court, however, does not resolve these issues relative to the timeliness of

---

[6] *See* Pet. at ¶¶ IV, VII, XIII; Aff. at ¶¶ 4, 14, and 14.

[7] *See* Pet. at ¶¶ IV, VII, XIII; Aff. at ¶¶ 5, 8 - 14.

[8] *See* Pet. at ¶ IV; Aff. at ¶¶ 10-12.

7

Plaintiff's claims against Flynt. Although State Farm asserts, in the concluding section of its opposition brief: "Plaintiff's claims against Flynt are preempted and/or prescribed pursuant to La. R.S. 9:5606 . . .", it offers absolutely no analysis of the issue or supporting evidence. Accordingly, construing all ambiguities and uncertainties in Plaintiff's favor, the Court does not consider untimeliness as a potential supporting basis for State Farm's improper joinder assertions regarding Flynt.

For the reasons stated herein, the Court finds that State Farm has not demonstrated that Plaintiff improperly joined Flynt as a defendant to this action. Accordingly, his status as a non-diverse defendant precludes this Court's subject matter jurisdiction under 28 U.S.C. §1332 and requires remand.

**B.      ATTORNEY'S FEES AND COSTS**

Plaintiff also seeks an award of attorney's fees and costs in connection with her motion to remand. Under 28 U.S.C. § 1447(c), a court "may award attorney's fees" only where the removing party lacked an objectively reasonable basis for seeking removal. *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290 (5th Cir. 2000). Notwithstanding her request, Plaintiff offers no supporting analysis in her memorandum. Accordingly, the Court denies Plaintiff's request for an award of attorney's fees.

**III.  CONCLUSION**

On the showing made, the Court does not find improper joinder, for purposes of evaluating the instant motion to remand, to have been demonstrated with respect to non-diverse defendant Albert Cleveland Flynt. Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. No.6 ) is **GRANTED** with respect to the request for remand to state court. The

motion is **DENIED** with respect to the request for an award of attorney's fees pursuant to 28 U.S.C. §1446.

      **IT IS ORDERED** that this action is remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

      New Orleans, Louisiana, this  22nd  day of February 2008.

                                            _____
                                            **KURT D. ENGELHARDT**
                                            **United States District Judge**